UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:11-cr-0200-TWP-TAB |
| | ) | |
| JAQUELL DIXON, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On September 11, November 9, and December 29, 2017, the Court held hearings on the Petition for Warrant or Summons for Offender Under Supervision filed on September 6, 2017 and supplement petitions filed on October 20, November 6, and December 21, 2017.  Defendant appeared in person with his appointed counsel Gwendolyn Beitz.  The government appeared by MaryAnn Mindrum, Assistant United States Attorney.  U. S. Parole and Probation appeared by Officer Michael Burress.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.  The Court advised Defendant Dixon of his rights and provided him with a copy of the petition.  Defendant Dixon orally waived his right to a preliminary hearing.

2.  After being placed under oath, Defendant Dixon admitted violations 1, 1a, 1b, and 1c.  [Docket Nos. 100, 107, 112, and 116.]

3.  The allegations to which Defendant admitted, as fully set forth in the petition, are:

| **Violation Number** | **Nature of Noncompliance** |
|---|---|
| 1 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |

On October 11, 2016, Mr. Dixon submitted a urine sample which tested for positive marijuana. He admitted to unlawfully possessing and using marijuana on October 8, 2016. As a result of this positive, the Court was notified of the non-compliance, and Mr. Dixon was referred to outpatient substance abuse counseling.

On December 9 and 23, 2016, Mr. Dixon submitted urine samples which returned positive for marijuana. Mr. Dixon admitted to the unlawful possession and use of marijuana. As a result of the non-compliance, the Court was notified, and Mr. Dixon's conditions were modified to include mental health counseling to address his anger management issues.

On February 17, 2017, and March 8, 2017, Mr. Dixon submitted urine samples which returned positive for marijuana. He admitted to the unlawful possession and use of marijuana. Accordingly, the Court was notified of the non-compliance, and Mr. Dixon's conditions were modified to include Moral Reconation Therapy (MRT).

On August 3, 2017, Mr. Dixon submitted a urine sample which tested positive for marijuana. He admits to unlawfully possessing and using marijuana approximately two weeks prior.

| 1a | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
|---|---|

On September 11, 2017, Mr. Dixon submitted a urine sample which tested positive for marijuana. He admits to unlawfully using and possessing marijuana on or about September 5, 2017.

| 1b | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
|---|---|

On November 1, 2017, Mr. Dixon submitted a urine sample which tested positive for marijuana. He admits to unlawfully using and possessing marijuana approximately one week prior to the test.

    1c    **"The defendant shall refrain from any unlawful use of a controlled substance."**

        On December 8, 2017, Mr. Dixon submitted a urine sample which tested positive for marijuana. He denies any use of marijuana.

4. Government orally moved to dismiss violations 2 and 3 and the same granted.

5. The parties stipulated that:

    (a) The highest grade of violation is a Grade C violation.

    (b) Defendant's criminal history category is V.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 7 to 13 months' imprisonment.

6. Government argued for a sentence of twenty-four (24) months with no supervised release to follow. Defendant argued to be returned to conditions of supervised release including returning to the Volunteers of America for thirty (30) days. Defendant argued that his medical and mental treatment would be interrupted by being placed in the Federal Bureau of Prisons.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of seven (7) months with no supervised release to follow. Defendant is to self-report upon designation by the Federal Bureau of Prisons.

Upon designation, this Magistrate Judge strongly recommends a mental health evaluation be assessed on Defendant Dixon. The Court recommends that Defendant Dixon take any and all medications prescribed as a result of the mental health evaluation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Dated: 01/04/2018

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal